**SO ORDERED.**

**SIGNED this 31 day of October, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MORRIS JOHNSON TATUM and
DONNA EAKINS TATUM,

      Debtor.                                               Case No. 05-00809-8-JRL
                                                                   Chapter 13

_____

**ORDER**

This case is before the court on the debtors' motion for a hardship discharge pursuant to 11 U.S.C. § 1328(b). On October 23, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

**BACKGROUND**

On February 2, 2005, the debtors filed for relief under Chapter 13 of the Bankruptcy Code. The debtors' Chapter 13 plan was confirmed on April 19, 2005 and modified by an order on June 17, 2007 that called for monthly payments of $285.00 for twenty-seven months followed by monthly payments of $100.00 for thirty months. Since the time that the plan was confirmed, the basic support for the debtors' Chapter 13 plan has been the male debtor's income of

approximately $2,356.00 per month from his job as an inspector at Guilford Mills in Kenansville, North Carolina.  The debtors recently separated from each other.  On June 22, 2007, the male debtor, distraught over his financial condition, shot himself in the chest in an effort to kill himself, which resulted in a broken shoulder as well as muscle and nerve damage.  The wound rendered the male debtor unable to work at his job at Guilford Mills.  At the time of the hearing, the male debtor had not been authorized to return to work by his physician, was awaiting surgery, and was unable to predict when he would be able to return to work.  The female debtor works approximately twenty hours per week at a restaurant near her home and earns $109.59 per week.  She is unable to increase her hours because she is currently the sole care giver to the debtors' fourteen year old daughter, who suffers from cerebral palsy.

At the time the hearing, the debtors were making payments on the secured claim of WFS Financial, which was secured by title to a 1996 Plymouth van.  As of August 28, 2007, the debtors owed $1,080.96 at 7.25% interest on the secured claim of WFS Financial.  The trustee initially objected to the debtors' motion for hardship discharge on the grounds that a secured creditor has not yet been paid in full.  At the hearing, he withdrew his objection so long as the secured creditor retained its lien.

## DISCUSSION

**A.  Motion for Hardship Discharge**

A hardship discharge is only applicable when:

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).  Therefore, in considering whether to grant a hardship discharge, the court must determine if the debtors' inability to make plan payments is due to circumstances "beyond the debtor's control."  In re Edwards, 207 B.R. 728, 731 (Bankr. N.D. Fla. 1997).  Bankruptcy courts generally grant a hardship discharge under 1328(b) "when a debtor has suffered from catastrophic circumstances that directly cause the debtor to be unable to complete plan payments."  In re Bandilli, 231 B.R. 836, 840 (1st Cir. BAP 1999).

Here, the debtors' failure to complete plan payments is due to the male debtors' sudden inability to return to his job because of severe disabling injuries to his chest and shoulder.  Further, the debtors are unable to make plan payments because of the female debtor's inability to work more than twenty hours per week due her daughter's disability.  The court finds that these are circumstances beyond the debtors' control for which they should not justly be held accountable.  In addition, the debtors' unsecured creditors have received at least the Chapter 7 liquidation value of their unsecured claims.  Therefore, the court approves the debtors' motion for hardship discharge pursuant to 11 U.S.C. § 1328(b).

**B.  Secured Claim of WFS Financial**

Although the court approves the debtors' motion for hardship discharge, a separate issue remains as to dischargeability and the amount that the debtors must pay on the secured claim of WFS Financial.  The Bankruptcy Code specifically provides that a hardship discharge only "discharges the debtor from all unsecured debts provided for by the plan."  11 U.S.C. § 1328(c).  Secured claims, therefore, are not dischargeable under 11 U.S.C. § 1328(b).  Here, WFS

Financial has a claim against the debtors secured by title to a 1996 Plymouth van. Therefore, the claim of WFS Financial is not dischargeable to the extent that it is secured.

Because secured debt cannot be discharged pursuant to 11 U.S.C. § 1328(b), the court must next determine the amount that the debtors must pay to WFS Financial based on its secured claim. A distinction is drawn between a debtor who fails to complete Chapter 13 plan payments due to dismissal of the Chapter 13 case and a debtor who fails to complete the plan due to a hardship discharge under 11 U.S.C. § 1328(b). A debtor who fails to complete a Chapter 13 plan due to dismissal of the case is required to pay the full amount of his obligations as if the Chapter 13 case had never taken place. 11 U.S.C. § 349(b); see, e.g., In re Evans, No. 07-80922-13, 2007 Bankr. LEXIS 2995 (Bankr. M.D.N.C. Aug. 27, 2007) (holding that once a debtor's Chapter 13 case is dismissed, a confirmed Chapter 13 plan is no longer binding on the parties). However, if an "allowed secured claim is not fully satisfied in the [C]hapter 13 plan . . . due to a hardship discharge, a lien will continue to exist after the case to the extent that the allowed secured claim has not been fully paid." In re Bunn, 128 B.R. 281, 283 (Bankr. D. Idaho 1991) (citing 5 Collier on Bankruptcy para. 1300.73[4] (15th ed. 1990)); see also In re Hargis, 103 B.R. 912, 916 (Bankr. E.D. Tenn. 1989). Therefore, a debtor who receives a hardship discharge pursuant to 11 U.S.C. § 1328(b) is only obligated to pay the amount of the allowed secured claim as provided in the Chapter 13 plan, not the full amount of the debt originally owed to the creditor prior to the bankruptcy case.

The Bankruptcy Court for the Northern District of Illinois followed this analysis in In re Schalk, No. 79 B 39783, 1983 Bankr. LEXIS 6374 (N.D. Ill. Apr. 19, 1983). In Schalk, the debtor was granted a hardship discharge pursuant to 11 U.S.C. § 1328(b). Id. at *1. The

bankruptcy court found that the claim of a secured creditor that was secured by title to a vehicle was not dischargeable under 1328(b). Id. at *4. However, the court found that the debtor was only required to pay the value of the collateral on the petition date, rather than the full value of the original debt as would have been owed had the Chapter 13 case been dismissed. Id. at * 4-5. It follows, therefore, that a debtor who is granted a hardship discharge under 11 U.S.C. § 1328(b) is not required to pay the full amount of his pre-petition obligations to secured creditors, but is limited to the amount of the allowed secured claim. Here, the debtors' confirmed Chapter 13 plan states that the allowed secured claim of WFS Financial was $2,313.03 with 7.25% interest within the life of the plan. As of August 23, 2007, the debtors owed a balance of $1,080.96 at 7.25% interest. Therefore, the debtors are required to pay $1,080.96 at 7.25% interest on the allowed secured claim of WFS Financial.

## CONCLUSION

For the foregoing reasons, the court APPROVES the debtor's motion for a hardship discharge. However, because a hardship discharge under 11 U.S.C. § 1328(b) only discharges unsecured debt, the debtors must pay $1,080.96 at 7.25% interest, which represents the remaining balance on the allowed secured claim of WFS Financial.

**END OF DOCUMENT**